Kane Moon (SBN 249834)
  kmoon@moonlawgroup.com
H. Scott Leviant (SBN 200834)
  hsleviant@moonlawgroup.com
Mariam Ghazaryan (SBN 341119)
  mghazaryan@moonlawgroup.com
**MOON LAW GROUP, PC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff Arnold Samuel Castro

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD SAMUEL CASTRO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRECKELS SUGAR COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants | Case No.: 3:24-cv-00747-TWR-LR<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>1. Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];<br>2. Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];<br>3. Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];<br>4. Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];<br>5. Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802];<br>6. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];<br>7. Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226];<br>8. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.] ; and<br>9. Civil Penalties Under PAGA [Cal. Lab. Code § 2698, et seq.].<br><br>**DEMAND FOR JURY TRIAL** |

1

# **<u>TABLE OF CONTENTS</u>**

INTRODUCTION & PRELIMINARY STATEMENT.................................................................. 1

THE PARTIES ........................................................................................................................... 3

    A.   Plaintiff............................................................................................................................ 3

    B.   Defendants...................................................................................................................... 3

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ................................................. 5

CLASS ACTION ALLEGATIONS ........................................................................................... 8

FIRST CAUSE OF ACTION .................................................................................................. 13

SECOND CAUSE OF ACTION .............................................................................................. 14

THIRD CAUSE OF ACTION .................................................................................................. 16

FOURTH CAUSE OF ACTION .............................................................................................. 16

FIFTH CAUSE OF ACTION ................................................................................................... 17

SIXTH CAUSE OF ACTION .................................................................................................. 18

SEVENTH CAUSE OF ACTION ............................................................................................ 19

EIGHTH CAUSE OF ACTION ............................................................................................... 21

NINTH CAUSE OF ACTION .................................................................................................. 24

PRAYER FOR RELIEF........................................................................................................... 26

DEMAND FOR JURY TRIAL ................................................................................................ 31

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff Arnold Samuel Castro ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## **INTRODUCTION & PRELIMINARY STATEMENT**

1.     Plaintiff brings this action against Defendants Spreckels Sugar Company, Inc., and Does 1 through 10 (collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify necessary business expenses, and failure to furnish accurate wage statements.

2.     Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below).  The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employeeduring the statute of limitations period applicable to the claims pleaded here.

3.     Plaintiff brings the Ninth Cause of Action as a representative action under the California Private Attorney General Act ("PAGA") to recover civil penalties that are owed to Plaintiff, the State of California, and past and present employees of Defendant (hereinafter referred to as the "Aggrieved Employees").

4.     Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Imperial County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

5.    Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

(a)    Failing to pay employees for all hours worked, including all minimum wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(b)    Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c)    Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d)    Failing to indemnify employees for necessary business expenses incurred;

(e)    Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f)    Failing to maintain accurate records of the hours that employees worked.

(g)    Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

6.     On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

7.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## THE PARTIES

### A.     Plaintiff

8.     Plaintiff is a California resident that worked for Defendants in the County of Imperial, State of California, as a laborer and machine operator in Imperial County from approximately March 2021 to February 2024.

9.     Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

### B.     Defendants

10.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants are:

(a)     Business entities with their principal places of business in Imperial, California;

(b)     Business entities conducting business in numerous counties throughout the State of California, including in Imperial County; and

(c)     The former employers of Plaintiff, and the current and/or former employers of the putative Class. Defendants suffered and

3

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

11.    Plaintiff does not currently know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names.  Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

12.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

13.    Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.    Plaintiff is a California resident who worked for Defendants in the County of Imperial, State of California, as a laborer and machine operator during the statutory period. During the statutory period, Defendants classified Plaintiff as a non-exempt employee, and paid Plaintiff and hourly wage.

15.    Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

16.    Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. Plaintiff and the Class were required to work off the clock, and uncompensated. For example, Plaintiff and the Class were required to wait in line in order to clock into work, off the clock and uncompensated.

17.    Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods.  Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Defendants also failed to accurately record meal periods.

Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

18.     Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

19.     Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement, such as the purchase of masks and additional gloves. Also, Plaintiff and the Class were required to use their own personal cellular telephones for work purposes, without reimbursement.

20.     Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment

all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages.

21.    Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law, and Defendant's address).  Further, the wage statements do not show Defendant's address as required by California law.  As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

(a)    the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b)    the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c)    the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)    the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)   the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f)   in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)   by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)   the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

## CLASS ACTION ALLEGATIONS

22.   Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil Procedure § 382.

23.   All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

24.   The proposed Class consists of and is defined as:

All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period

beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

25.    At all material times, Plaintiff was a member of the Class.

26.    Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

27.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)    Numerosity:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4) The difficulties likely to be encountered in the management of a class action.

(e) <u>Public Policy Considerations</u>:  The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

28.    There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual

members, including without limitation, whether, as alleged herein, Defendants have:

    (a)    Failed to pay Class Members for all hours worked, including minimum wages, and overtime wages;

    (b)    Failed to provide meal periods and pay meal period premium wages to Class Members;

    (c)    Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

    (d)    Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

    (e)    Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed;

    (f)    Failed to reimburse Class Members for all necessary business expenses; and

    (g)    Violated California Business & Professions Code §§ 17200 *et. seq.* as a result of their illegal conduct as described above.

29.    This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

    (a)    The questions of law and fact common to the Class predominate over any question affecting only individual members;

    (b)    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

    (c)    The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

    (d)    Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f)     Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

2)     Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

30.     Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action.  The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices.  To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Court.

## FIRST CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)

31.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this First Amended Complaint.

32.    "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

33.    At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

34.    Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants.

35.    By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

36.    By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

37.    By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

38.    Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

39.    California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages.  However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

40.    Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

41.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this First Amended Complaint.

42.    California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

43.    California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of

an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

44.    At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

45.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class are regularly required to work overtime hours.

46.    By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

47.    By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

48.    Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

49.    California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

## THIRD CAUSE OF ACTION

### (Against All Defendants for Failure to Provide Meal Periods)

50.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this First Amended Complaint.

51.     Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class's sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

52.     Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law.  By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

53.     Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

## FOURTH CAUSE OF ACTION

### (Against All Defendants for Failure to Authorize and Permit Rest Periods)

54.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this First Amended Complaint.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

55.    Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked.  Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

56.    Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

57.    Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

### (Against All Defendants for Failure to Indemnify Necessary Business Expenses)

58.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this First Amended Complaint.

59.    Defendants violated Labor Code section 2802 and the IWC Wage Orders, by failing to pay and indemnify the Plaintiff and the Class for their

necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

60.     As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

61.     Plaintiff and the class they represent are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section 2802(b).

## SIXTH CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

62.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this First Amended Complaint.

63.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

64.     Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

65.     Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

66.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

67.     Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

68.     Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## SEVENTH CAUSE OF ACTION

### (Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)

69.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this First Amended Complaint.

70.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

71.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

72.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

73.     Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

74.     Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

75.     Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a).

76.     Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section,

pursuant to California Labor Code § 226(h).

## EIGHTH CAUSE OF ACTION

### (Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)

77.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this First Amended Complaint.

78.    Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

79.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

80.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

81.    A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq*.

### Failure to Pay Minimum Wages

82.    Defendants' failure to pay minimum wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Pay Overtime Wages

83.    Defendants' failure to pay overtime compensation and other benefits in

violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Maintain Accurate Records of All Hours Worked

84.     Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Provide Meal Periods

85.     Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Authorize and Permit Rest Periods

86.     Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

### Failure to Indemnify Necessary Business Expenses

87.     Defendants' failure to indemnify employees for necessary business expenses in accordance with California Labor Code § 2802 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

### Failure to Provide Accurate Itemized Wage Statements

88.     Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

89.     By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

90.     Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

91.     Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

92.     Plaintiff, individually, and on behalf of members of the putative class, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

93.     Plaintiff, individually, and on behalf of members of the putative class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

94.     Plaintiff also alleges that if Defendants are not enjoined from the

conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

95.    Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## <u>NINTH CAUSE OF ACTION</u>

**(Against all Defendant for Civil Penalties Under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq.)**

96.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this First Amended Complaint.

97.    At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

98.    California Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

99.    Plaintiff has exhausted his administrative remedies pursuant to California Labor Code § 2699.3. On March 10, 2024, Plaintiff gave written notice

by online filing to the Labor and Workforce Development Agency and by certified mail to Defendants of the specific provisions of the Labor Code that Defendants have violated against Plaintiff and current and former aggrieved employees, including the facts and theories to support the violations (See attached as Exhibit A). Plaintiff's PAGA case number is No. LWDA-CM-1015835-24. At the time of this filing, 65 days has elapsed since Plaintiff provided notice, but the Labor and Workforce Development Agency has not indicated that it intends to investigate Defendants' Labor Code violations discussed in the notice. Accordingly, Plaintiff may commence a civil action to recover penalties under Labor Code § 2699 pursuant to § 2699.3 for the violations of the Labor Code described in this Complaint. These penalties include, but are not limited to, penalties under California Labor Code §§ 210, 226.3, 558, 1197.1, and 2699(f)(2).

100.    In addition, Plaintiff seeks penalties for Defendants' violation of California Labor Code § 1174(d). Pursuant to California Labor Code § 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by California Labor Code § 1174 is subject to a penalty under § 1174.5. Pursuant to the applicable IWC Order § 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period. Meal periods, and total hours worked daily shall also be recorded. Additionally, pursuant to the applicable IWC Order § 7(A)(5), every employer shall keep total hours worked in the payroll period and applicable rates of pay.

101.    During the time period of employment for Plaintiff and the Aggrieved Employees, Defendants failed to maintain records pursuant to the Labor Code and IWC Orders by failing to maintain accurate records showing meal periods, and accurate records showing when employees begin and end each work period. Defendants' failure to provide and maintain records required by the Labor Code IWC Wage Orders deprived Plaintiff and the Aggrieved Employees the ability to

know, understand and question the accuracy and frequency of meal periods, and the accuracy of their hours worked stated in Defendants' records. Therefore, Plaintiff and the Aggrieved Employees had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendants. As a direct result, Plaintiff and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial. Because of Defendants' knowing failure to comply with the Labor Code and applicable IWC Wage Orders, Plaintiffs and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

102.   Based on the conduct described in this First Amended Complaint, Plaintiff is entitled to an award of civil penalties on behalf of themselves, the State of California, and similarly Aggrieved Employees of Defendants. The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial. These penalties are in addition to all other remedies permitted by law.

103.   In addition, Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to California Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.   That this action be certified as a class action with respect to the First,

Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2.    That Plaintiff be appointed as the representative of the Class; and

3.    That counsel for Plaintiff be appointed as Class Counsel.

<u>As to the First Cause of Action</u>

4.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

5.    For general unpaid wages as may be appropriate;

6.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.    For liquidated damages;

8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11.    For general unpaid wages at overtime wage rates as may be appropriate;

12.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

15.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16.     For unpaid meal period premium wages as may be appropriate;

17.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

20.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21.     For unpaid rest period premium wages as may be appropriate;

22.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

25.     That the Court declare, adjudge and decree that Defendants violated Labor Code § 2802 and the IWC Wage Orders;

26.     For general unpaid wages and reimbursement of business expenses as may be appropriate;

27.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

28.     For reasonable attorneys' fees and for costs of suit incurred herein; and

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

29.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

31.    For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

32.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

33.    For reasonable attorneys' fees and for costs of suit incurred herein; and

34.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

35.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

36.    For penalties and actual damages pursuant to California Labor Code § 226(e);

37.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

38.    For reasonable attorneys' fees and for costs of suit incurred herein; and

39.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

40.    That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay wages

for all hours worked (including minimum and overtime wages), failing to provide
meal periods, failing to maintain accurate records of meal periods, failing to
authorize and permit rest periods, and failing to maintain accurate records of all
hours worked and meal periods, failing to furnish accurate wage statements, and
failing to indemnify necessary business expenses;

41.     For restitution of unpaid wages to Plaintiff and all Class Members and
prejudgment interest from the day such amounts were due and payable;

42.     For the appointment of a receiver to receive, manage and distribute any
and all funds disgorged from Defendants and determined to have been wrongfully
acquired by Defendants as a result of violations of California Business &
Professions Code §§ 17200 *et seq*.;

43.     For reasonable attorneys' fees and costs of suit incurred herein
pursuant to California Code of Civil Procedure § 1021.5;

44.     For injunctive relief to ensure compliance with this section, pursuant to
California Business & Professions Code §§ 17200, *et seq*.; and,

45.     For such other and further relief as the Court may deem equitable and
appropriate.

<u>As to the Ninth Cause of Action</u>

46.     That the Court declare, adjudge and decree that Defendants violated
the California Labor Code by failing to pay minimum wages, failure to pay
overtime wages, failure to provide meal periods, failure to authorize and permit rest
periods, failure to maintain accurate records of hours worked and meal periods,
failure to timely pay all wages to terminated employees, failure to indemnify
necessary business expenses, and failure to furnish accurate wage statements;

47.     For all civil penalties pursuant to California Labor Code § 2699, et
seq., and all other applicable Labor Code provisions;

48.     For reasonable attorneys' fees and costs of suit incurred herein
pursuant to California Labor Code § 2699;

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

49.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to all Causes of Action</u>

50.    For any additional relief that the Court deems just and proper.

Dated: May 28, 2024                    Respectfully submitted,

MOON LAW GROUP, PC

By: _____
Kane Moon
H. Scott Leviant
Mariam Ghazaryan
Attorneys for Plaintiff ARNOLD
SAMUEL CASTRO

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: May 28, 2024                    MOON LAW GROUP, PC

By: _____
Kane Moon
H. Scott Leviant
Mariam Ghazaryan
Attorneys for Plaintiff ARNOLD
SAMUEL CASTRO

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT A

# MOON LAW GROUP, PC

ATTORNEYS AT LAW
WWW.MOONLAWGROUP.COM

1055 W. SEVENTH ST., SUITE 1880
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 232-3128
FACSIMILE: (213) 232-3125

Kane Moon, Esq.
Kmoon@moonlawgroup.com

March 10, 2024

**VIA ONLINE SUBMISSION**
Labor & Workforce Development Agency
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

**VIA CERTIFIED MAIL**
Spreckels Sugar Company, Inc.
395 W. Keystone Road
Brawley, CA 92227

**Notice of Labor Code Violations and PAGA Penalties**

Re:     ***Arnold Samuel Castro v. Spreckels Sugar Company, Inc.***

To Whom It May Concern:

Please be advised that my office has been retained by Arnold Samuel Castro ("Plaintiff") to pursue a Labor Code Private Attorney General Act (PAGA) representative action (Cal. Lab. Code §§ 2699, *et seq.*) against his former employer, Spreckels Sugar Company, Inc. ("Defendant").  The purpose of this letter is to comply with PAGA and set forth the facts and theories of California Labor Code violations which we allege Defendant engaged in with respect to Plaintiff and all of Defendant's aggrieved employees.

Plaintiff wishes to pursue a PAGA representative action on behalf of Plaintiff as an aggrieved employee, on behalf of the State of California, and on behalf of all other current and former aggrieved employees who worked for Defendant in California as an hourly paid, non-exempt employee at any time within the applicable statutory period (hereafter, the "Aggrieved Employees").

Plaintiff and the Aggrieved Employees of Defendant suffered the Labor Code violations described below.

## Factual Background Regarding Plaintiff's Employment with Defendant

Defendant owns and operates an industry, business, and establishment within the State of California, including Imperial County.  As such, Defendantis subject to the California Labor Code and the Wage Orders issued by the Industrial Welfare Commission ("IWC").

LWDA
*Notice of Labor Code Violations and PAGA*
March 10, 2024
Page 2 of 9

Plaintiff worked for Defendant as a laborer and machine operator from approximately March 2021 to February 2024, primarily in Imperial County. Defendant classified Plaintiff as non-exempt from overtime. During the time period that Plaintiff was employed by Defendant, Plaintiff typically worked 5 to 6 days per week, and in excess of 8 hours each workday.

Throughout Plaintiff's employment, Defendant committed numerous labor code violations under state law. As discussed below, Plaintiff's experience working for Defendant was typical and illustrative.

## Failure to Pay for All Hours Worked, Including Overtime

Under California law, an employer must pay for all hours worked by an employee. "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

In addition, Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

Labor Code §§ 1194 and 1198 also provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. Plaintiff and the Class were required to work off the clock, and uncompensated. For example, Plaintiff and the Class were required to wait in line in order to clock into work, off the clock and uncompensated.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code §§ 210, 558, 1197.1, and 2699(f)(2) for failing to pay for all hours worked, including overtime.

## Failure to Provide Meal Periods

Under California law, employers have an affirmative obligation to relieve employees of all duty in order to take their first 30-minute, duty-free meal periods no later than the start of sixth hour of work in a workday, and to allow employees to take their second 30-minute, duty-free meal period no later than the start of the eleventh hour of work in the workday. Further, employees

LWDA
*Notice of Labor Code Violations and PAGA*
March 10, 2024
Page 3 of 9

are entitled to be paid one hour of additional wages for each workday they were not provided with all required meal period(s).

Despite these legal requirements, Defendant wrongfully failed to provide Plaintiff and the Aggrieved Employees with legally compliant meal periods. Defendant regularly required Plaintiff and the Aggrieved Employees to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Aggrieved Employees for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendant did not adequately inform Plaintiff and the Aggrieved Employees of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Moreover, Defendant did not have adequate written policies or practices providing meal periods for Plaintiff and the Aggrieved Employees, nor did Defendant have adequate policies or practices regarding the timing of meal periods. Defendant also did not have adequate policies or practices to verify whether Plaintiff and the Aggrieved Employees were taking their required meal periods. Accordingly, Defendant's policy and practice was to not provide meal periods to Plaintiff and the Aggrieved Employees in compliance with California law.

Plaintiff and the Aggrieved Employees are thus entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s). Defendant, however, regularly failed to pay Plaintiff and the Aggrieved Employees the additional wages to which they were entitled for meal periods and that were not provided.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code §§ 210, 558, and 2699(f)(2) for failing to provide meal periods and pay meal period premium wages.

## Failure to Authorize and Permit Rest Periods

Employers are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours). Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.

Defendant, however, wrongfully failed to authorize and permit Plaintiff and the Aggrieved Employees to take timely and duty-free rest periods. Defendant regularly required Plaintiff and the Aggrieved Employees to work in excess of four consecutive hours a day without Defendant authorizing and permitting them to take a 10 minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Aggrieved Employees for rest periods that were not authorized or permitted. Defendant

LWDA
*Notice of Labor Code Violations and PAGA*
March 10, 2024
Page 4 of 9

did not adequately inform Plaintiff and the Aggrieved Employees of their right to take a rest period. Moreover, Defendant did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Aggrieved Employees, nor did Defendant have adequate policies or practices regarding the timing of rest periods. Defendant also did not have adequate policies or practices to verify whether Plaintiff and the Aggrieved Employees were taking their required rest periods. Further, Defendant did not maintain accurate records of employee work periods, and therefore Defendant cannot demonstrate that Plaintiff and the Aggrieved Employees took rest periods during the middle of each work period. Accordingly, Defendant's policy and practice was for Plaintiff and the Aggrieved Employees to work through rest periods and to not authorize or permit them to take any rest periods.

Plaintiff and the Aggrieved Employees are thus entitled to be paid one hour of additional wages for each workday he or she was not authorized and permitted to take all required rest period(s). Defendant, however, regularly failed to pay Plaintiff and the Aggrieved Employees the additional wages to which they were entitled for rest periods and that they were not authorized and permitted to take.

As a result, Defendant are liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code §§ 210, 558, and 2699(f)(2) for failing to authorize and permit rest periods and pay rest period premium wages.

**<u>Failure to Maintain Accurate Records of Hours Worked and Meal Periods</u>**

Plaintiff seeks penalties under Labor Code § 1174(d). Pursuant to Labor Code § 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by Labor Code § 1174 is subject to a penalty under § 1174.5. Pursuant to the applicable IWC Order § 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period. Meal periods and total hours worked daily shall also be recorded.

Defendant, however, failed to maintain accurate records of hours worked and all meal periods taken or missed by Plaintiff and the Aggrieved Employees.

Defendant's failure to provide and maintain records required by the Labor Code IWC Wage Orders deprived Plaintiff and the Aggrieved Employees the ability to know, understand and question the accuracy and frequency of meal periods, and the accuracy of their hours worked stated in Defendant's records. Therefore, Plaintiff and the Aggrieved Employees had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendant. As a direct result, Plaintiff and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel

LWDA
*Notice of Labor Code Violations and PAGA*
March 10, 2024
Page 5 of 9

Defendant to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial. As a result of Defendant's knowing failure to comply with the Labor Code and applicable IWC Wage Orders, Plaintiff and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 1174.5 for failing to maintain accurate records of hours worked and meal periods.

### Failure to Reimburse and Indemnify Expenses

California Labor Code § 2802 requires employers to reimburse employees for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of the employer.

Throughout the statutory period, Defendant wrongfully required Plaintiff and the Aggrieved Employees to pay expenses that they incurred in direct discharge of their duties for Defendant without reimbursement, which included the purchase of masks and additional gloves, and the occasional use of personal cellular telephones for work purposes. Plaintiff and the Aggrieved Employees incurred these substantial expenses as a direct result of performing their job duties for Defendant, and Defendant has failed to indemnify Plaintiff and the Aggrieved Employees for these employment-related expenses.

### Failure to Pay All Accrued Vacation Wages at Termination

Labor Code § 227.3 requires employers to pay employees for all unused vested vacation time at their final rate of pay upon termination of their employment.

During the statutory period, Defendant maintained a policy and practice of failing to pay Plaintiff and the Aggrieved Employees the correct amount of vacation pay owed at the termination of employment. For instance, when Plaintiff's employment with Defendant terminated, he was owed vacation wages at his true final wage rate on his final pay check from Defendant even though he had accrued unused vacation time. On information and belief, Defendant's failure to pay Plaintiff the correct amount of vacation pay was not a single, isolated incident, but was instead part of Defendant's policy and practice that applied to the Aggrieved Employees.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 2699(f)(2) for failing to pay all accrued vacation wages at termination.

LWDA
*Notice of Labor Code Violations and PAGA*
March 10, 2024
Page 6 of 9

### Failure to Timely Pay All Wages at Termination

Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

Within the applicable statute of limitations, the employment of Plaintiff and many other Aggrieved Employees ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendant failed, and continues to fail to pay Plaintiff and terminated Aggrieved Employees, without abatement, all wages required to be paid by Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ.  These unpaid wages include wages for unpaid work time (including minimum and straight time wages), missed meal periods, and missed rest periods.

Defendant's conduct violates Labor Code §§ 201 and 202.Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

Accordingly, Plaintiff and the Aggrieved Employees are entitled to recover from Defendant their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to Labor Code § 203.

Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 2699(f)(2) for failing to timely pay all wages at termination.

### Failure to Furnish Accurate Itemized Wage Statements

Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number,

LWDA
*Notice of Labor Code Violations and PAGA*
March 10, 2024
Page 7 of 9

(8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  An employee is presumed to suffer an injury if this information is missing.  (Lab. Code § 226(e)(2)(B)(iii).)

The statute further provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."  (Lab. Code § 226(e)(1).)

Defendant intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify hourly rates, the failure to correctly list gross wages earned, and the failure to list the true net wages earned, including wages for meal periods that were not provided in accordance with California law, wages for rest periods that were not authorized and permitted to take in accordance with California law, and correct wages earned for all hours worked.

As a result of Defendant violating Labor Code § 226, Plaintiff and similarly Aggrieved Employees suffered injury and damage to their statutorily protected rights.

Accordingly, Plaintiff and similarly Aggrieved Employees are entitled to recover from Defendantthe greater of their actual damages caused by Defendant's failure to comply with Labor Code § 226(a), or an aggregate penalty not exceeding $4,000 dollars per employee.

Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 226.3 for failing to furnish accurate itemized wage statements.

**<u>Failure to Pay All Earned Wages Twice Per Month</u>**

Based on its failure to pay Plaintiff and the Aggrieved Employees for all wages as discussed above, Defendant also violated Labor Code § 204.

Labor Code § 204 requires employers to pay employees all earned wages two times per month.  Throughout the statute of limitations period applicable to this cause of action, employees were entitled to be paid twice a month at their regular rates, including all meal period premium wages owed, rest period premium wages owed, and wages owed for hours worked.  However, during all such times, Defendant systematically failed and refused to pay the employees all wages due, and failed to pay those wages twice a month, in that employees were not paid all wages for all meal periods not provided by Defendant, all wages for all rest periods not authorized and permitted by Defendant, and all wages for all hours worked.  As a result, Defendant owes employees the

LWDA
*Notice of Labor Code Violations and PAGA*
March 10, 2024
Page 8 of 9

legally required wages for unpaid wages, and Plaintiff and the Aggrieved Employees suffered damages in those amounts.

Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 210 for failing to pay all earned wages twice per month.

## <u>Action for Civil Penalties Under PAGA</u>

In light of the above, Plaintiff alleges that Defendant violated the following provisions of the Labor Code with respect to the Aggrieved Employees:

1. Labor Code § 204, 510, 1194, 1197, and 1198 by failing to pay for all hours worked, including minimum wages, straight time wages and overtime wages;

2. Labor Code § 226.7, 512 and applicable Wage Orders by failing to provide meal periods;

3. Labor Code § 226.7 and applicable Wage Orders by failing to authorize and permit rest periods;

4. Labor Code § 1174.5 and applicable Wage Orders by failing to maintain accurate records of hours worked and meal periods taken or missed;

5. Labor Code § 2802 by failing to reimburse and indemnify employees for expenses and losses in the direct consequence and discharge of their duties;

6. Labor Code § 227.3 by failing to pay all vacation wages at termination;

7. Labor Code §§ 201 to 203 by willfully failing to pay all wages owed at termination;

8. Labor Code § 226 by failing to provide accurate itemized wage statements; and

9. Labor Code § 204 by failing to pay all earned wages two times per month.

Therefore, on behalf of all Aggrieved Employees, Plaintiff seeks applicable penalties related to the violations alleged above pursuant to the PAGA.  These include, but are not limited to, penalties under Labor Code §§ 210, 226.3, 558, 1174.5, 1197.1, 2802, and 2699(f)(2).

Plaintiff has placed Defendant on notice by mailing a certified copy of this correspondence to its corporate address, as indicated on the first page.

Thank you for your attention to this matter.  If you have any questions, please do not hesitate to contact me.

LWDA
*Notice of Labor Code Violations and PAGA*
March 10, 2024
Page 9 of 9

Sincerely,

MOON LAW GROUP, PC

Kane Moon, Esq.
*Attorney at Law*