Kane Moon (SBN 249834)
  kmoon@moonlawgroup.com
H. Scott Leviant (SBN 200834)
  hsleviant@moonlawgroup.com
Mariam Ghazaryan (SBN 341119)
  mghazaryan@moonlawgroup.com
Sandy Pham (SBN 352753)
  spham@moonlawgroup.com
**MOON LAW GROUP, PC**
725 S. Figueroa St., Suite 3100
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD SAMUEL CASTRO individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>SPRECKELS SUGAR COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No.: 3:24-cv-00747-TWR-LR<br><br>CLASS ACTION<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>[FILED PURSUANT TO DKT. NO. 29.]<br><br>Date:      March 27, 2005<br>Time:      1;30 p.m.<br>Courtroom: 3A<br>Judge:     Hon. Todd W. Robinson<br><br>Action Filed: March 13, 2024<br>Removed:      April 25, 2024<br>Trial Date:   Not set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Further to Plaintiff's motion for class certification, the Court has ordered supplemental briefing on the following: (1) whether Plaintiff has standing to assert claims on behalf of the putative class based on purported miscalculations of meal period premium or sick pay; and, if not, (2) whether any defects related to Plaintiff's standing and the Court's subject matter jurisdiction can be remedied through amendment. (Dkt. No. 29.)

## II. THE VIEW REGARDING WHEN TO RESOLVE STANDING QUESTIONS IN CLASS ACTIONS HAS EVOLVED, WITH A CONSENSUS DEVELOPING THAT STANDING IN THE CLASS CONTEXT SHOULD BE RESOLVED *AFTER* CERTIFICATION, WHEN THE STANDING OF MEMBERS OF THE ENTIRE CLASS CAN BE CONSIDERED

As this Court observed in its Order requesting supplemental briefing, it is true that standing must eventually be addressed in a class action as to each claim. However, what was left unsaid in *Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324 (C.D. Cal. 2016) is that a consensus has developed, holding that certification should proceed the standing analysis, particularly where it is clear that, if certified, the constituents of the class would naturally eliminate standing concerns, and assuming the named plaintiff had some basic level of standing to bring the action to some degree. This timing question is well explained in *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051 (N.D. Cal. 2015) ("*Carrier*"), which was cited by *Hoffman* without consideration of the extensive discussion on the timing of a standing analysis that was described by *Carrier*.

Among other questions, *Carrier* examined when, in a class action proceeding, the issue of standing should be resolved:

> As discussed below, the critical question is whether the Court should adjudicate the standing question now at the pre-certification pleading stage as measured by the named plaintiffs only or, as Plaintiffs maintain, the Court should defer consideration of the standing question until after deciding class certification.

Case No.: 3:24-cv-00747-TWR-LR          Page 1          *Castro v. Spreckels Sugar Company, Inc.*
**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

*Carrier*, 78 F. Supp. 3d at 1068.  The plaintiff in *Carrier* alleged an injury-in-fact as to the plaintiff, but could not do so on behalf of all proposed class members, who would be governed by different state laws.  *Carrier*, 78 F. Supp. 3d at 1068.  The Court first noted that the Ninth Circuit had not addressed the question of when to address standing issues in the class context:

> Given the prevalence of nationwide class actions, it is perhaps surprising that there is no Ninth Circuit precedent specifically deciding this question.

*Carrier*, 78 F. Supp. 3d at 1068.  *Carrier* then explained that even the United States Supreme Court acknowledged tension in its holdings as to whether difference between a named plaintiff's claims and those of putative class members should be viewed as a standing issue or one of adequacy and typicality:

> Indeed, the Supreme Court in *Gratz v. Bollinger,* 539 U.S. 244, 123 S.Ct. 2411, 156 L.Ed.2d 257 (2003) noted that that there was "tension in [its] prior cases" as to whether differences between a named plaintiff's claims and the unnamed class members' claims should be treated as a standing issue or one of adequacy and typicality under Federal Rule of Civil Procedure 23.

*Carrier*, 78 F. Supp. 3d at 1069.

Following a thorough discussion of the approaches to this question, *Carrier* then described the growing consensus that standing is better evaluated after the certification question is resolved where certification could answer the standing concern:

> [A] " 'growing consensus' among lower courts is that class certification should indeed be decided first 'where its outcome will affect the Article III standing determination.' " Rubenstein, *supra,* § 2:2 (quoting *Winfield v. Citibank, N.A.,* 842 F.Supp.2d 560, 574 (S.D.N.Y.2012). As the Seventh Circuit has noted:
>
>> once a class is properly certified, statutory and Article III standing requirements must be assessed with reference to the class as a whole, not simply with reference to the individual named plaintiffs. The certification of a class changes the standing aspects of a suit, because "[a] properly certified class has a legal status separate from and independent of the interest asserted by the named plaintiff."
>
> *Payton v. County of Kane,* 308 F.3d 673, 680 (7th Cir.2002). The Ninth Circuit has similarly recognized that "once a class has been certified, 'the class of unnamed persons described in the certification acquire[s] a legal status separate from the representative.' " *Bates v. United Parcel Service,*

*Inc.,* 511 F.3d 974, 987 (9th Cir.2007) (quoting *Sosna v. Iowa,* 419 U.S. 393, 399, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)).

*Carrier*, 78 F. Supp. 3d at 1071–72. Concluding, the Court said:

> Because of the nature of class certification—a process wherein members of the class acquire legal status once a class is certified—standing may be established by looking to the rights and interests of the members of the certified class; *see Sosna v. Iowa,* 419 U.S. 393, 401, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (although controversy *1073 was no longer alive as to the named plaintiff, "it remains very much alive for the class of persons she has been certified to represent."). Thus, class certification may, in a true sense of the term, be "logically antecedent" to standing.
>
> The conclusion that it is permissible to decide class certification before determining standing to pursue claims of unnamed class members is consistent with Article III. Provided there is threshold standing for each named plaintiff, ordering the adjudication process so as to address who cognizable parties are in the case (*i.e.,* whether unnamed class members have legal status) before addressing standing does no violence to Article III. A case or controversy may still be assured once the class is certified.

*Carrier*, 78 F. Supp. 3d at 1072–73.

Here, Plaintiff has adequately alleged injury-in-fact for pleading purposes. In other words, Plaintiff's allegations are sufficient to present a case or controversy. The issue, then, is whether the Court should look only at Plaintiff when considering certification of different forms of underpaid or unpaid wages, or whether, assuming the described forms of unpaid wages are reasonably suited to class treatment, the "standing" question can be asked *after* certification. Based on the discussion in *Carrier*, Plaintiff's testimony that he was not paid all wages for all time under Defendant's control, and the undisputed fact that Defendant failed to pay many class members the full amount of premium wages and sick time wages they were owed, Plaintiff contends that certification should be resolved prior to the standing assessment. If a class is certified, it appears all but certain that the standing question regarding the underpayment of wages that include premium wages and sick time wages will be resolved without difficulty, since Defendant has admitted under oath to those underpayments that were discovered and reported to Defendant by Plaintiff.

1  **III.  AS SET FORTH IN PLAINTIFF'S MOTION AND REPLY, PLAINTIFF CONTENDS THAT UNDERPAID PREMIUM WAGES AND SICK PAY WAGES CONSTITUE FORMS OF UNPAID WAGES THAT PLAINTIFF MAY LEGITIMATELY PURSUE**

As set forth in Plaintiff's Motion, typicality does not require Plaintiff to have suffered "identical" injuries as the rest of the Class.  "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; ***they need not be substantially identical***."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (boldface emphasis added).  Underpaid wages, in various forms, are similar enough in character that typicality is satisfied here.  Plaintiff seeks to recover unpaid wages for the Class. That renders his claim of unpaid wages typical for certification purposes.

**IV.  IN THE EVENT THAT THE COURT CONTENDS PLAINTIFF IS NOT TYPICAL AS TO CLAIMS FOR UNPAID WAGES BASED ON REGULAR RATE OF PAY CALCULATION ERRORS, PLAINTIFF REQUESTS LEAVE TO AMEND TO PERMIT THE ADDITION OF AN ADDITIONAL PLAINTIFF WHO EXPERIENCED REGULAR RATE OF PAY ERRORS**

Should the Court decline to apply the consensus approach to standing, addressing it after certification, and should the Court also find that Plaintiff's "similar" unpaid wage claims are not sufficiently "similar" to warrant certification, Plaintiff then requests a reasonable period in which to amend the operative complaint to add a plaintiff alleging specific underpayments of premium wages and sick time wages.

Respectfully submitted,

Dated:  March 13, 2025          **MOON LAW GROUP, PC**

By: /s/ H. Scott Leviant
H. Scott Leviant

Attorneys for Plaintiff