Carrie M. Francis (309280)
carrie.francis@stinson.com
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
*Attorneys for Defendant Spreckels*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ARNOLD SAMUEL CASTRO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SPRECKELS SUGAR COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 24-cv-00747-TWR-LR

**DEFENDANT SPRECKELS' SUPPLEMENTAL BRIEF IN OPPOSITION OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Date: March 27, 2025
Time: 1:30 PM
Courtroom: 3A

*Honorable Todd W. Robinson*

## I. INTRODUCTION

This Court ordered supplemental briefing to address the following two questions: (1) whether Plaintiff has standing to assert claims on behalf of the putative class based on purported miscalculations of meal period premium or sick pay; and, if not, (2) whether any defects related to Plaintiff's standing and the Court's subject matter jurisdiction can be remedied through amendment. (Doc. 29). Plaintiff does not have standing to assert either claim, and that lack of standing cannot be remedied through amendment of the Complaint. As such, the putative class should not be certified.

## II. ARGUMENT

### A. Plaintiff Does Not Have Standing to Assert Either Claim on Behalf of a Putative Class

The Court is correct to question whether Plaintiff has standing to assert (individually or on behalf of a putative class) claims based on purported miscalculations of meal period premiums and sick pay. Plaintiff does not have standing to assert either claim because (1) he failed to plead a claim for improperly calculated sick pay, and (2) he never suffered any purportedly miscalculated meal period premium or sick pay.

Standing is a threshold issue which must be addressed prior to class certification, because "if the individual lacks standing, the court need never reach the class action issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting 3 Herbert B. Newberg on Class Actions § 3:19, at 400 (4th ed. 2002)). Standing in a class action requires at least one named plaintiff to have standing for each of the putative class's claims. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001)). The Ninth Circuit has stated as the requirements of standing:

> As we know from the oft-repeated passages in Lujan, standing requires that (1) the plaintiff suffered an injury in fact, i.e., one that is sufficiently 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,' (2) the injury is 'fairly traceable' to the challenged conduct, and (3) the injury is 'likely' to be 'redressed by a favorable decision.'

*Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)). In a class action, a named plaintiff may only pursue a claim on behalf of a class for injuries that he has suffered. *McGhee v. Tesoro Ref. & Mktg. Co. LLC*, 440 F. Supp. 3d 1062, 1072 (N.D. Cal. 2020) (citing *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1211 (N.D. Cal. 2014) (citing *Warth v. Seldin*, 422 U.S. 490, 502 (1975)). The named plaintiff bears the burden of showing that he has standing. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). The plaintiff must show standing "through evidentiary proof" on a class certification

motion. *Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324, 332 (C.D. Cal. 2016) (citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) and *Nelsen v. King Cnty.*, 895 F.2d 1248, 1249–50 (9th Cir. 1990) ("Standing is a jurisdictional element that must be satisfied prior to class certification.")). The Ninth Circuit in *Sali v. Corona Regional Medical Center*, 909 F.3d 996, 1006 (9th Cir. 2018) provided insight into the level of proof required for standing:

> Like standing, Rule 23 presents more than a "mere pleading standard." *Wal-Mart*, 564 U.S. at 350, 131 S.Ct. 2541. Because the elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required *at the successive stages of the litigation*." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (emphasis added). Hence, the proof required to establish standing varies at the complaint, summary judgment and trial phases. *Id.* Similarly, the "manner and degree of evidence required" at the preliminary class certification stage is not the same as "at the successive stages of the litigation"—*i.e.*, at trial.

Since the time for discovery had come and gone, Plaintiff has had sufficient opportunity to acquire and show through evidence that Spreckels caused him injury by providing him with improperly calculated meal period premium and/or sick pay. Spreckels has shown in its Opposition (*see, e.g.*, Doc. 25 at 8:10-9:5, 10:13-22) that Plaintiff has not suffered any purported miscalculated meal period premium payments or sick pay claims (i.e., he has not suffered harm consistent with the alleged putative class). Since Spreckels put forth such evidence, the Plaintiff cannot simply rest on the allegations in the Complaint and must submit evidence he actually suffered an injury consistent with the putative class's purported injury. Plaintiff has not, and therefore has failed to show he has standing for either claim.

Regarding both the miscalculated meal period premium claim and sick pay claim, Defendant Spreckels explained in its Opposition that Plaintiff has not provided any evidence that he suffered any instance of a miscalculated payment. *See* Doc. 25 at 8:10-

9:5, 10:13-22. Plaintiff also did not perform the type of work which triggered additional compensation that would be the basis for the purported miscalculation, and therefore cannot be a member of any class or subclass pursuing these claims. *Id.* at 8:10-15, 10:13-22.

More, regarding the purported miscalculated sick pay claim, Plaintiff lacks standing because he did not allege such a claim in his Complaint. As explained in Defendant Spreckels' Opposition, Plaintiff's Complaint does not allege that his, nor any other putative class members', sick pay was improperly calculated – his Complaint is entirely void of any mention of sick pay. *See* Doc. 25 at 8:19-9:5. In addition, his Complaint also does not reference, even impliedly, the statute under which a miscalculated sick pay violation would arise under, California Labor Code § 246(l). Thus, Plaintiff does not even have allegations to rest on, even if he could despite Spreckels' evidence.[1]

Furthermore, when given the opportunity to demonstrate how Plaintiff has standing pursuant to this Court's Order for supplemental briefing, Plaintiff again did not make any showing that Plaintiff has any basis for either claim. Simply put, Plaintiff has not met his evidentiary burden to show that he has standing to bring either claim on behalf of a putative class.

**B. If Standing Exists, Plaintiff Still Cannot Satisfy Rule 23's Requirements.**

In the event that the Court finds that Plaintiff has standing for his meal period premium claim, the class should not be certified since Plaintiff cannot meet the class certification requirements, as he does not have a claim typical to the class and he is not an adequate representative of any purported class. Defendant Spreckels made this point

---

[1] As explained in Defendant Spreckels' Opposition, Plaintiff's counsel's improper expert testimony does not show that Plaintiff himself suffered an injury consistent with the putative class's purported injury. This applies to both the purported sick pay and meal period premium claims.

in its Opposition, but will reiterate and summarize its argument again here.

In Plaintiff's Complaint, he alleged an undefined claim for meal period premium issues. Plaintiff wrote, as follows:

> Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Defendants also failed to accurately record meal periods. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

*See* Doc. 8 at ¶ 17. However, his (generic) claim is not typical to the putative class because he did not suffer any purported miscalculation of his meal period premium pay, nor did he perform the type of work which would trigger the additional compensation that is the basis of the purported miscalculation. *See* Doc. 25 at 8:10-13. Plaintiff would be preoccupied with defenses unique to him which is fatal to the requirement that his claim be typical to the purported putative class. *See Id.* at 8:15-9:5.[2]

Since Rule 23 requires typicality, amongst other things, the fact that Plaintiff has not suffered these harms and cannot show that he did against Defendant Spreckels' evidence, his claim is not typical of the putative class. As a result, and in addition to the arguments previously made elsewhere in the Opposition, the Plaintiff's motion for class certification must fail.

**C. Plaintiff's Lack of Standing Cannot Be Remedied Through Amendment.**

No amendment can remedy Plaintiff's lack of standing to assert claims for

---

[2] This same analysis would apply to any sick pay claim, if Plaintiff had alleged one.

purported improperly calculated meal period premiums and/or sick pay. Plaintiff cannot plead around the fact that he never suffered any purportedly miscalculated meal period premium or sick pay. In light of Spreckels' evidence showing Plaintiff did not suffer any such miscalculated payment, Plaintiff's standing to bring claims based on miscalculated payments should be evaluated in the same manner as if at summary judgment. *Cf. Sali v. Corona Regional Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018) (standing is not a "mere pleading requirement[]" and must be supported with the manner and degree of evidence required to prove standing increases throughout a case like any other issue on which the plaintiff bears the burden of proof (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (nonmoving party at summary judgment cannot rely on pleadings after moving party makes initial showing). Plaintiff's briefing, including his supplemental brief, makes no evidentiary showing that he suffered any purportedly miscalculated meal period premium or sick pay; therefore, amendment alone would be insufficient because the time has come and gone for Plaintiff to submit evidence that he has standing to pursue a claim typical of the class.

Further, Plaintiff's request for a "reasonable period" to add a new plaintiff that actually has standing should be rejected, for several reasons. Foremost, adding a new plaintiff would not remedy the lack of standing, but only change the dispositive reason why there is no standing. Standing requires not just an injury, but one that will be redressed by a favorable decision from the court. *See Bernhardt v. Cnty. of L.A.*, 279 F.3d 862, 868-69 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). Spreckels' Rule 30(b)(6) deponent testified that Spreckels paid all amounts purportedly due because of any miscalculated meal period premium or sick pay, including any penalties; (*see* Doc. 28-2 at 7-9 (31:8-33:7)); and Spreckels' evidence demonstrating that Plaintiff has no claim also shows that the basis for any purportedly improper payments only occurred in 2023; (*see* Doc. 25-8 at 3 ¶ 11). Consequently, Spreckels has already redressed any purported injury and there is no other relief a

potential substitute plaintiff could receive from this Court; therefore, standing would still not exist even if a new plaintiff was added. *See Bernhardt*, 279 F.3d at 868-69; *see also id.* at 871 (discussing the related doctrine of mootness).

Moreover, Plaintiff's request for a "reasonable period" to add a new plaintiff should be rejected for prudential reasons. Spreckels provided Plaintiff with pay and time records for a sample of the employees in the purported class on September 4, 2024 – more than six months ago. (*See* Supplemental Declaration of Carrie M. Francis ("Suppl. Francis Decl.") at ¶¶ 2-4 & Exhibits D & E). Those are the same records that demonstrate that Plaintiff lacks standing, and included wage statements with other employees' names and addresses. (*See* Doc. 22-1 at ¶¶ 17-19 & Exs. 4-6 (redacting employees' names and addresses from sample group's wage statements); Doc. 25 at 8:10-9:5, 10:13-22; *see, e.g.*, Doc. 25-10 at 2 (showing Plaintiff's name and address on wage statement). Thus, Plaintiff has already had six months to go find that new plaintiff that supposedly actually suffered the purportedly improper payments, but failed to do so.

In fact, Plaintiff's counsel has found a new potential plaintiff – but that plaintiff also has not suffered any purported improper sick pay or meal period premium payment because his employment began in 2024, after the period in which the purported issue occurred, and his records also do not show any improper payment. (*See* Doc. 25-8 at ¶¶11-12; Doc. 25-9 at 2-3; Declaration of Shelly Carter at ¶¶ 2-4 & Ex. A; Suppl. Francis Decl. at ¶ 5 & Ex. F). Put simply, there is no reason to believe that Plaintiff's counsel will ever find an appropriate substitute plaintiff.

Relatedly, Spreckels redressed the purported issue four months ago. (*See* Doc. 28-2 at 7-9 (31:8-33:7)). Thus, the purported class has notice of the purported issue, which begs the question whether any purported class member has any interest in becoming a plaintiff regarding an already-resolved issue. In other words, there is no reason to believe any additional time to allow Plaintiff's counsel to find a substitute plaintiff is reasonable, would result in a new plaintiff being found, or would be anything more than a delay that prevents Spreckels from resolving this dispute.

And even if another purported class member did have an interest, a new suit is the better route. Plaintiff's own lack of standing would not be remedied by adding the new plaintiff, which means that the new plaintiff's claim would not relate back. *See Palmer v. Stassinos*, 236 F.R.D. 460, 466 (N.D. Cal. 2006) (original plaintiffs-purported class representatives' lack of standing foreclosed intervenors' claims from relating back because the lack of standing meant there was no identity of interests between the original plaintiff and the intervenor (quoting *In re Syntex Corp. Sec. Litig.*, 95 F.3d 992, 935 (9th Cir. 1996)). But if the new plaintiff joins this case, it would warrant reopening discovery so that Spreckels can investigate that plaintiff's individual claims and any defenses specific to that plaintiff, including whether that plaintiff can meet the requirements of Rule 23. *See also* Doc. 12 at 2, 4-5, 7-8 (discussing, *inter alia*, deadlines to amend complaint in September 2024, deadline to complete written discovery in December 2024, and initial expert disclosure in March 2025). Thus, on top of the delay in this proceeding necessarily required for Plaintiff's counsel to go look for that potential plaintiff, despite already being given the time and opportunity to do so, any unlikely success would only result in additional delay for re-opened discovery and the potential that still no class can be certified in this action. And, again, there is no benefit to that course of action because the potential new plaintiff's claims would not relate back – so why delay and potentially restart this case based on the unlikely potential that Plaintiff's counsel can find a new plaintiff?

Consequently, the more prudent course is to rule Plaintiff lacks standing on his meal period and sick pay claims, deny class certification,[3] and let any potential plaintiff file a separate lawsuit so this one can proceed in the ordinary course.

[3] For all purported classes, for the reasons stated in Spreckels' response brief, Doc. 25.

## III. CONCLUSION

The Court should dismiss Plaintiff's meal period premium and sick pay claims (to the extent Plaintiff ever asserted such claims), and deny Plaintiff's motion for class certification as a whole.

DATED: March 17, 2025

s/Carrie M. Francis

CARRIE M. FRANCIS
STINSON LLP
Attorney for Defendants
E-mail: carrie.francis@stinson.com