Carrie M. Francis (309280)
carrie.francis@stinson.com
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Attorneys for Defendant Spreckels

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ARNOLD SAMUEL CASTRO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SPRECKELS SUGAR COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 24-cv-00747-TWR-LR

**SUMMARY JUDGMENT MOTION**

Date: September 4, 2025
Time: 1:30 P.M.
Courtroom: 14A
Judge: Hon. Todd W. Robinson

Action Filed: March 13, 2024
Removed: April 25, 2024
Trial Date: Not Set

TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 4th, 2025, at 1:30 p.m., in Courtroom 14A of the above-entitled Court, located at 333 West Broadway, San Diego, CA 92101, Defendant SPRECKELS SUGAR COMPANY, INC. will and hereby does move this Court, pursuant to Fed. R. Civ. P. 56(a), for an order granting Defendant summary judgment on all of Plaintiff's causes of action.

This motion is brought on the grounds that Plaintiff cannot show a genuine dispute of material fact exists on each element of each of his causes of action, and on the basis that Plaintiff has not exhausted his administrative remedies prior to filing suit.

The parties conferred in good faith regarding this Motion for Summary Judgment prior to its filing. The parties were unable to reach an agreement and this Motion is necessary.

This motion is based upon this Notice, the Memorandum of Points and Authorities filed in support thereof, the parties' Joint Statement of Undisputed Material Facts that will be filed no later than at the time Defendant files its reply in support of this Motion, the exhibits to the Joint Statement of Undisputed Material Facts, the pleadings and records on file in this action, and such additional argument and evidence as may be presented at the hearing on this Motion.

RESPECTFULLY SUBMITTED this 16th day of June, 2025.

**STINSON LLP**

By   s/ *Carrie M. Francis*
Carrie M. Francis
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Attorneys for Defendant Spreckels

## TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1
II. FACTUAL AND PROCEDURAL BACKGROUND .......... 2
III. ARGUMENT .......... 2
A. The Relevant Time Periods. .......... 2
B. Plaintiff's Causes of Action and Theories. .......... 3
C. Plaintiff Has No Evidence He Did Not Receive Complaint Meal or Rest Periods, or Miscalculated Premium Payments. .......... 4
D. Plaintiff Has No Evidence He Was Not Reimbursed for All Necessary Business Expenses. .......... 5
E. Plaintiff's Waiting-in-Line Theory Fails as a Matter of Law. .......... 7
1. Case Law Limiting When Time Spent to Clock In Is Compensable .......... 8
2. Plaintiff's Waiting-in-Line Theory Is Not Viable Under California Law .......... 10
F. Spreckels Is Entitled to Summary Judgment on All of Plaintiff's Causes of Action. .......... 11
IV. CONCLUSION .......... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 5

*Bono Enters. Inc. v. Bradshaw*,
32 Cal. App. 4th 968 (1995) ........ 11

*Brown v. Ralphs Grocery Co.*,
28 Cal. App. 5th 824 (2018) ........ 3, 5

*Doe v. City of Los Angeles*,
42 Cal. 4th 531, 550 (2007) ........ 3, 5

*Frlekin v. Apple Inc.*,
8 Cal. 5th 1038 (2020) ........ 7

*Gattuso v. Harte-Hanks Shoppers, Inc.*,
42 Cal. 4th 554 (2007) ........ 5

*Griffin v. Sachs Electric Company*,
831 Fed. Appx. 270 (9th Cir. Dec. 11, 2020) ........ 2, 9, 10

*Hernandez v. Pacific Bell Telephone Co.*,
29 Cal. App. 5th 131 (2018) ........ 8

*Huerta v. CSI Elec. Contractors*,
15 Cal. 5th 908 (2024) ........ 7

*Morgan v. Rohr*,
Case No. 20-cv-574-GPC-AHG, 2022 WL 974334 (S.D. Cal. Mar. 31, 2022) ........ 11

*Morillion v. Royal Packing Co.*,
22 Cal. 4th 575 (2000) ........ 2, 7, 8, 9, 10, 11

*Naranjo v. Spectrum Security Servs., Inc.*,
13 Cal.5th 93 (2022) ........ 1, 4

*Overton v. Walt Disney Co.*,
135 Cal. App. 4th 263 (2006) ........ 2, 8, 9, 10, 11

*Stuart v. RadioShack Corp.*,
641 F. Supp. 2d 901 (N.D. Cal. 2009) .................................................................. 6

*Thai v. Int'l Bus. Machines Corp.*,
93 Cal. App. 5th 364 (2023) .................................................................................. 6

*Utne v. Home Depot U.S.A., Inc.*
Case No. 16-cv-01854-RS, 2019 WL 3037514 (N.D. Cal. July 11, 2019) ............. 9, 10

*Vega v. Gasper*,
36 F.3d 417 (5th Cir. 1994) .................................................................................. 9

*Villacres v. ABM Indus. Inc.*,
189 Cal. App. 4th 562 (2010) ............................................................................ 3, 6

*Wilson v. La Jolla Gp.*,
61 Cal. App. 5th 897 (2021) .................................................................................. 6

**Statutes**

Cal. Code Regs., tit. 8, § 11080 ................................................................................ 7

Cal. Labor Code § 246 ................................................................................................ 5

Cal. Labor Code § 2699.3 ........................................................................................ 3, 5

**Other Authorities**

Federal Rule of Civil Procedure 56 ............................................................................ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 56(a), Defendant Spreckels Sugar Company, Inc. ("Defendant" or "Spreckels") moves for summary judgment on all nine (9) causes of action alleged in Plaintiff Arnold Samuel Castro's ("Plaintiff" or "Castro") operative First Amended Class and Representative Action Complaint ("Complaint"). *See generally* Doc. 8.

## I. INTRODUCTION

Plaintiff has alleged nine (9) causes of action, although Plaintiff has admitted that only his first through fifth causes of action are premised on purported primary bases for Spreckels' liability. *See* Doc. 22 at 10. Those purported primary bases include that Plaintiff was not compensated for the time he purportedly had to wait in line to clock in; that Plaintiff was either not provided compliant meal and rest breaks or did not receive properly calculated premium payments when he did not receive compliant breaks; and that Plaintiff was not reimbursed for necessary business expenses he incurred during his employment with Spreckels.

Spreckels is entitled to summary judgment on all of those purported bases and consequently all nine of Plaintiff's causes of action. This Court already decided that Plaintiff has not suffered any miscalculated premium payments, *see* Doc. 33 at 8-9, and Plaintiff has no evidence that he was not paid a premium payment for each instance he did not receive a complaint meal or rest break. *See Naranjo v. Spectrum Security Servs., Inc.*, 13 Cal.5th 93, 116 (2022). Plaintiff also has no evidence that he was not reimbursed for all necessary business expenses, including because he has no evidence of the cost of any expense, no evidence that he incurred any expense during the period applicable to his claims, no basis to assert any expenses were necessary – and because Spreckels provided materials to its employees. Last, regardless of whether Plaintiff actually had to wait in line, that time is not compensable time under established California law and its application

by the California courts and the Ninth Circuit because Spreckels merely required Plaintiff to clock in on time. California courts and the Ninth Circuit have issued a number of decision which hold that time spent coming into work is not compensable time except when the employer exercises significant control over the employee through prescribed requirements that are more than merely requiring the employee clock in on time. *See Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 586-88 (2000); *Overton v. Walt Disney Co.*, 135 Cal. App. 4th 263, 271-73 & n.15 (2006); *Griffin v. Sachs Electric Company*, 831 Fed. Appx. 270, 271 (9th Cir. Dec. 11, 2020) (mem. decision) (affirming summary judgment on claim that time waiting in line to pass a security check was not compensable time).

Consequently, Spreckels is entitled to summary judgment on those unsupported bases; Plaintiff's 'primary' claims which fail because they based upon those unsupported bases; and Plaintiff's remaining derivate claims based upon those failed primary claims.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was a seasonal employee of Spreckels for the beet harvesting seasons (roughly April through August) of 2021, 2022, and 2023. *See* Joint Statement of Undisputed Material Facts ("SOF") at ¶¶ 1, 5 & Ex. B at 12-13. He worked as a yard and factory laborer, although for 2023 he only performed light-duty work. SOF at ¶ 4 & Ex. A at 16-18. When not working light-duty, he was provided materials to perform his work, including gloves. SOF, Ex. A at 49-50; SOF, Ex. B at 40-41. He was paid hourly, including overtime, and received meal and rest breaks. *See* SOF, Ex. A at 45-46; *see, e.g.*, SOF, Ex. J at SSC-AC0001687 to 1688; *see generally* SOF, Ex. C. He used the iris scanners at Spreckels' facility to clock in and out. *See* SOF, Ex. A at 40-42; *see generally* SOF, Ex. D.

## III. ARGUMENT

### A. The Relevant Time Periods.

The time period relevant to Plaintiff's claims are limited by three dates. The first is

July 7, 2022. That is the last date of the period covered by the lawsuit in which Spreckels settled claims, similar to Plaintiff's, made against Spreckels. The parties agree that that settlement that limits the time period for Plaintiff's claims to July 8, 2022 and after. *See* SOF at ¶ 3; *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 592-93 (2010) (res judicata barred claim by different plaintiff on same claim covered by prior PAGA settlement).

The second is August 3, 2023, Plaintiff's last day of employment with Spreckels. Because all of Plaintiff's causes arise from his employment, that is the final date upon which Plaintiff could have suffered any purported harm or violation. *See* SOF, Ex. A at 6; SOF, Ex. C at SSC-AC-000065.

The third is March 25, 2023, which is the cut-off date for Plaintiff's PAGA claim. PAGA claims extend back one year and 65 days from the date the claim is filed, in light of the statute of limitations and tolling of the statute while a purportedly aggrieved employee awaits approval to pursue his claim. *See Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 839 (2018); *see also* Cal. Labor Code § 2699.3(a)(2)(A), (d).[1] March 25, 2023 is one year and 65 days before Plaintiff filed his operative Complaint adding his PAGA claim, filed on May 28, 2024. Doc. 8.

**B. Plaintiff's Causes of Action and Theories.**

As mentioned above, the Complaint alleges nine causes of action, including (1) failure to pay minimum wages; (2) failure to pay overtime; (3) failure to provide meal periods; (4) failure to provide rest breaks; (5) failure to reimburse necessary business expenses; (6) failure to timely pay final wages; (7) failure to provide accurate wage statements; (8) unfair business practices; and (9) a cause seeking penalties under California's Private Attorneys General Act ("PAGA"). In his failed motion for class certification, Plaintiff admitted his sixth, seventh, and eighth claims were derivative of the first five. *See* Doc. 22 at 10:6-15. Plaintiff's PAGA claim is likewise

---

[1] The version of § 2699.3 applicable to Plaintiff's claim was in effect from July 1, 2021 to June 30, 2024.

derivative of his other claims. *See* Doc. 8 at ¶¶ 96-102.

Because of this split between primary and derivate claims, Spreckels focuses on Plaintiff's purported bases for his primary claims in this motion, and briefly recounts those bases. The Complaint alleges that Plaintiff was "required to wait in line in order to clock into work, off the clock and uncompensated." *See* Doc. 8 at ¶ 16; *see also* Doc. 22-8 at ¶¶ 6-7. Plaintiff has made clear this theory only relates to his first and second causes of action. *See* Doc. 22 at 10-12 (citing paragraph 16 of the Complaint and paragraphs 6 and 7 of Plaintiff's declaration). The Complaint also alleges that that Plaintiff was not reimbursed for "the purchase of masks," "additional gloves," and the use of his "personal cellular telephone[]." *See* Doc 8 at ¶ 19. This allegation relates to Plaintiff's fifth cause of action. *See id.* at ¶¶ 58-61. Last, although not alleged in the Complaint with any specifics, Plaintiff has also taken the position that he did not receive compliant meal and rest breaks or premium payments in lieu thereof, including that meal period premium payments were miscalculated. *See* Doc. 22 at 8:17-18. This position relates to Plaintiff's third and fourth causes of action.

### C. Plaintiff Has No Evidence He Did Not Receive Complaint Meal or Rest Periods, or Miscalculated Premium Payments.

This Court has already dismissed any cause of action by Plaintiff premised on purportedly miscalculated premium payments, because it "is undisputed that Plaintiff never suffered any purportedly miscalculated meal period premium" and therefore lacked standing. Doc. 33 at 8-9 (quotation omitted). Similarly, Plaintiff has no evidence that there was ever an instance in which he was not paid a properly calculated premium payment for each instance one was owed. *See* SOF, Ex. B at 33-34; Ex. C at SSC-AC-000053, 68, 71-72. Thus, Plaintiff has no claim for any further relief, including under PAGA. *See* *Naranjo v. Spectrum Security Servs., Inc.*, 13 Cal.5th 93, 116 (2022) ("[A]n employer could chop off liability at the root," including for "a civil penalty under [PAGA]," by "simply paying an hour of premium pay . . . .").

Further, Plaintiff never alleged a claim for improperly calculated payments, in particular claims for miscalculated sick pay. His complaint makes no mention of miscalculation of sick pay, nor does it even mention the words "sick pay" or California Labor Code § 246(*l*), the statutory obligation stating how sick pay is to be calculated. *See* Doc. 1-2 at 10-13, 23-24; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (plaintiff's pleading must give defendant "fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Doe v. City of Los Angeles*, 42 Cal. 4th 531, 550 (2007) (plaintiff's pleading must set forth facts "sufficient to acquaint a defendant with the nature, source and extent of his cause of action" (quoting *Doheny Park Terrace Homeowners Ass'n Inc. v. Truck Ins. Exchange*, 132 Cal. App. 4th 1076, 1099 (2005)). Similarly, Plaintiff made no mention of sick pay or miscalculation of sick pay (or other pay) in his PAGA letter; *see* Doc. 8 at 35-43; therefore, Plaintiff has failed to exhaust his administrative remedies and cannot pursue a claim for any miscalculated payment, if he had ever suffered one. *See* Cal. Labor Code § 2699.3(a)(1)(A); *Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 834-838 (PAGA notice letter must provide notice of the alleged violation, and must be more than a string of legal conclusions that allow the employer "to determine what policies or practices were being complained of, have an opportunity to cure the violations, and prepare a meaningful response.").

**D. Plaintiff Has No Evidence He Was Not Reimbursed for All Necessary Business Expenses.**

Plaintiff also cannot prove that he was not reimbursed for all necessary business expenses. Plaintiff is required to show (1) he incurred the expense(s) as a direct consequence of his performance of his job duties, (2) the expense(s) was necessary and reasonable, (3) the amount of the expense(s), and (4) Spreckels failed to reimburse Plaintiff for the full amount of the expense. *See Gattuso v. Harte-Hanks Shoppers, Inc.*,

42 Cal. 4th 554, 568 (2007).

Plaintiff affirmatively testified that he did not incur any expenses in 2023. SOF, Ex. A at 51. Thus, Plaintiff cannot show he suffered any violation during the PAGA period, which only dates back to March 25, 2023. *See supra* at Section II.A.

While Plaintiff did testify he purchased items for his period of work in 2022, his claim runs into several issues. First, Plaintiff has failed to produce any evidence as to the amount of any expense, and therefore cannot satisfy the third element of his claim. Second, Plaintiff cannot show that Spreckels knew or had reason to know that he incurred any expense, as he affirmatively testified that he never informed Spreckels that he made any purchase and has no evidence that can show Spreckels knew or should have known he incurred any expense. *See* SOF, Ex. A at 49-51; *see Wilson v. La Jolla Gp.*, 61 Cal. App. 5th 897, 919 (2021) (quoting *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 904 (N.D. Cal. 2009).

Third, Plaintiff runs into a catch-22: His claim is either barred by the prior settlement discussed *supra* at Section II.A; or the expenses were not necessary. Plaintiff has not disclosed when he purportedly bought materials in 2022. But Plaintiff's seasonal work in 2022 began in March, which is roughly four (4) months the before July 8, 2022, the first day not covered by the prior settlement. If Plaintiff bought the materials in that period from March through July 7, 2022, then his claim is barred by the settlement. *See Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 592-93 (2010) (res judicata barred claim by different plaintiff on same claim covered by prior PAGA settlement); *see also* Doc. 22 at 9 n.2; SOF at ¶ 3. If Plaintiff bought the materials on July 8 or later, then he worked for four (4) months without the materials and cannot show they were necessary: Put simply, Plaintiff performing his duties for months without the materials shows that Plaintiff could perform his duties without the materials and Plaintiff's expenses for the materials were not a "direct consequence of the discharge of [Plaintiff's] duties." *See Thai*

*v. Int'l Bus. Machines Corp.*, 93 Cal. App. 5th 364, 371-72 (2023). This is particularly true because Plaintiff has testified that his duties did not change in 2022, meaning there is no explanation why the expenses could suddenly become necessary four months into his seasonal work. *See* SOF, Ex. A at 16-19.

Fourth and finally, Spreckels provided materials for Plaintiff's work, including gloves (and replacement gloves) and personal protective equipment when necessary for his job duties. *See* SOF, Ex. B at 40-41. Thus, Spreckels provided the equipment necessary for Plaintiff's work, and Plaintiff cannot prove he was not reimbursed for all necessary business expenses.

**E. Plaintiff's Waiting-in-Line Theory Fails as a Matter of Law.**

Finally, Plaintiff's waiting-in-line theory fails because the time he purportedly spent waiting in line is not compensable time, *i.e.* "hours worked." California law requires employers to compensate employees, for all "hours worked," which is defined as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *See* 8 Cal. Code Regs., tit. 8, § 11080(2)(G); *Huerta v. CSI Elec. Contractors*, 15 Cal. 5th 908, 918 (2024) (quoting, *inter alia*, *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 581 (2000)).

Based on that definition, there are two independent bases that could make an employee's time compensable. First, when the employee is subject to an employer's control, which does not require the employee to be working. *See Huerta*, 15 Cal. 5th at 918 (quoting *Frlekin v. Apple Inc.*, 8 Cal. 5th 1038, 1046 (2020), and *Morillion*, 22 Cal. 4th at 582). Second, when the employee "is suffered or permitted to work," whether or not under the employer's control but "the employer has or should have knowledge of the employee's work." *See Huerta*, 15 Cal. 5th at 918 (quotations omitted) (quoting *Frlekin*, 8 Cal. 5th at 1046).

1. Case Law Limiting When Time Spent to Clock In Is Compensable

Spreckels is unaware of case (state or federal) that supports or directly addresses Plaintiff contention that waiting in line to clock in is compensable time.[2] However, there is case law on the broader activity an employee engages in to clock in, *i.e.* commuting to work. The first case is *Morillion*, which involved workers that were required by their employer to meet at a location designated by the employer, and then travel in employer-provided buses to the actual location of work. *See* 22 Cal. 4th at 579. The California supreme court determined that the time employee spent traveling on the employer's buses from the pick-up site to the worksite was compensable time under the "control" prong of the definition of "hours worked," based on the level of control the employer was exerting over the employees. *See id.* at 586-88. However, the California supreme court also made clear that "the time" the employees "spent commuting from home to the" pick-up sites was not compensable time, because it was the "employer's control over its employees, rather than the mere fact that the employer requires the employees' activity," that was "determinative." *See id.*

*Hernandez v. Pacific Bell Telephone Co.*, 29 Cal. App. 5th 131 (2018) made explicit what is implied by *Morillion*: Time commuting is not work under the "suffered or permitted to work" prong of the "hours worked" definition. *Hernandez* involved employees who were provided company vehicles that they drove from their homes to worksites to transport tools and deliver materials to the worksite. *See* 29 Cal. App. 5th at 130. Relying on a variety of case law, including *Morillion*, *Hernandez* determined that some amount of effort beyond "commuting with necessary tools" is required to render time spent commuting "work" an employer "suffered or permitted." *See* 29 Cal. App. 5th at 142-45.

*Overton v. Walt Disney Company*, 135 Cal. App. 4th 263 (2006), is the next notable

[2] Plaintiff was compensated for any time he spent waiting in line before he clocked out.

case. In *Overton*, an employee was assigned a parking space roughly one mile from where he would clock in; he alleged he had to arrive "substantially earlier" at his parking space to wait for and ride a shuttle to arrive on time for work. *See id.* at 266-67. The California court of appeals affirmed summary judgment for the employer, determining that, because the employee's time spent waiting for and riding the shuttle was not required, the time was not compensable. *See id.* at 271 ("other means of transportation were available and permissible (walking, bicycling)"). In doing so, the court of appeals rejected the employee's argument that *Morillion* "mandates travel time payments to employees who . . . use an employer-provided shuttle because no alternative transportation is available or feasible," noting that *Morillion* was unconcerned with whether alternatives were feasible and that the sole consideration is whether the employer, rather than circumstance, limited the employee's alternatives. *See Overton*, 135 Cal. App. 4th at 272-73 & n.15; *see also Morillion*, 22 Cal. 4th at 589 n.5 (discussing *Vega v. Gasper*, 36 F.3d 417, 425 (5th Cir. 1994)). The district court in *Utne v. Home Depot U.S.A., Inc.* Case No. 16-cv-01854-RS, 2019 WL 3037514 (N.D. Cal. July 11, 2019) made explicit what is implied by *Overton*: An employee having to travel over the employer's property to clock in, no matter the method of travel, is not compensable time. *See Utne*, 2019 WL 3037514 at *4 (discussing *Overton*).

Last, the Ninth Circuit in *Griffin v. Sachs Electric Company*, 831 Fed. Appx. 270 (9th Cir. Dec. 11, 2020) (mem. decision) affirmed summary judgment for an employer on a similar waiting-in-line claim, stemming not from clocking in, but from passing a security check. Again, focusing on the employer's lack of control over an employee, the Ninth Circuit stated that "although the line of vehicles waiting to pass through the security gate could be long, all [the] employees had to do was flash their badges to a guard;" consequently, the employees were not under the employer's "control while waiting in line." *See id.* at 271.

2. Plaintiff's Waiting-in-Line Theory Is Not Viable Under California Law

Plaintiff's declaration in support of his failed motion for class certification is the clearest statement of the 'factual' basis for his waiting-in-line theory. In essence, Plaintiff declared that he had to wait in line because Spreckels' iris scanners were "unpredictable." *See* Doc. 22-8 at 2-3 ¶ 6. Similarly, Plaintiff testified during his deposition that the iris scanners would sometimes "not captur[e] the eye correctly," and that's what would cause the purported delay. *See* SOF, Ex. A at 41. In other words, Plaintiff has no evidence that Spreckels had an actual policy that required him to stand in line; rather, the waiting he purported had to do was a matter of circumstance.

That fact pattern is not viable under law described above. First, there is no meaningful basis to distinguish Plaintiff's purported issues clocking in and the case law above discussing other forms of commuting. All of the employees in the case law discussed above were endeavoring to clock in when commuting to work, and Plaintiff was performing the last step in his commute before actually clocking in when he was purportedly waiting in line. In fact, Plaintiff's waiting in line is simply the pedestrian analog of employees hitting traffic because of where their employer's office is located or waiting in their cars to access the employer's property. *See Griffin*, 831 Fed. Appx. at 271.

That is made clear by *Overton* and *Utne*. *Overton* made clear that waiting for a shuttle to clock in is not compensable time, *see* 135 Cal. App. 4th at 271, and *Utne* made clear crossing an employer's property – by shuttle or by foot – to clock in is not compensable time, *see* 2019 WL 3037514 at *4. Further, any factual distinction between Plaintiff's waiting-in-line theory and the facts in those cases does not stem from Spreckels exercising any additional control over Plaintiff. Rather, just like the employers in those cases, Spreckels only required Plaintiff to clock in. *See Morillion*, 22 Cal. 4th at 586-88 (the "employer's control over its employees, rather than the mere fact that the employer requires the employees' activity," is "determinative."); *see also Overton*, 135 Cal. App.

4th at 471-73 & n.15 (rejecting the argument that *Morillion*'s analysis of control allows for consideration of whether employee feasibly had other options). Consequently, there is no basis for distinguishing Plaintiff purportedly having to wait on foot to clock with the case law discussed above regarding commuting.[3] *See also Morgan v. Rohr, Inc*, Case No. 20-cv-574-GPC-AHG, 2022 WL 974334, at 13 (S.D. Cal. Mar. 31, 2022) ("Defendants had no obligation to compensate employees for their time scanning in and out at the gate, or walking to their workstations, so there was no harm to putative class members.").

Last, the absence of any actual policy from Spreckels compelling Plaintiff to wait in line (rather than it being happenstance) means Plaintiff's theory falls outside the "control" prong of the definition "hours worked." Again, that outcome is made clear based on *Morillion*'s focus on control over the employee and not merely requiring the employee clock in on time, *see* 22 Cal. 4th at 586-88, and *Overton*'s rejection of the employee's argument that a lack of feasible alternatives can replace that control, *see* 135 Cal. App. 4th at 272-73 & n.15.

Consequently, Plaintiff's waiting-in-line theory fails as a matter of law.

**F. Spreckels Is Entitled to Summary Judgment on All of Plaintiff's Causes of Action.**

As discussed above, Plaintiff cannot prove his theories of liability, either because of a lack of evidence or, with regard to his waiting-in-line theory, because it is not legally actionable even if proven. For the sake of clarity, Spreckels addresses how those failures result in Spreckels being entitled summary judgment on all of Plaintiff's causes of action.

[3] Plaintiff may try to distinguish clocking in at the end of his lunch period from this case law, but any such distinction would also fail. *Morillion*'s analysis of the definition of "hours worked" generally recognized the definition's two separate prongs: based on the employer's control, or the employer suffering or permitting work. *See* 22 Cal. 4th at 581-84; *see also id.* (discussing with approval, *inter alia*, *Bono Enters. Inc. v. Bradshaw*, 32 Cal. App. 4th 968 (1995), which did not involve commuting). Thus, the case law discussed above is not limited when an employee first commutes to work for the start of a shift, and the mere fact that Plaintiff was coming back from lunch is no basis for distinction under the two prongs of the definition of "hours worked."

Because Plaintiff's waiting-in-line theory is not legally actionable, *see supra* at Section III.E., Plaintiff has no legal basis to claim he was not paid all minimum wages and overtime wages due to him, and summary judgment for Spreckels is appropriate on Plaintiff's first and second causes of action for purported minimum and overtime wage violations. Plaintiff also has no evidence that he was not provided with legally compliant meal and rest breaks or an appropriately calculated premium payment. *See supra* at Section III.C. Therefore, Spreckels is entitled to summary judgment on Plaintiff's third and fourth causes of action for purported meal and rest period violations. And as explained *supra* at Section III.D., Plaintiff cannot prove he was not reimbursed for any necessary business expense and Spreckels is entitled to summary judgment on Plaintiff's fifth cause of action.

That means Plaintiff cannot prove any of his primary claims, and his derivative claims must also fail. *See supra* at Section III.B. Thus, Spreckels is entitled to summary judgment on Plaintiff's sixth, seventh, eighth, and ninth causes of action.

## IV. CONCLUSION

For the reasons stated above, Defendant Spreckels is entitled to summary judgment on all nine (9) of Plaintiff's causes of action.

RESPECTFULLY SUBMITTED this 16th day of June, 2025.

**STINSON LLP**

By   s/ *Carrie M. Francis*
     Carrie M. Francis
     1850 North Central Avenue, Suite 2100
     Phoenix, Arizona 85004-4584
     Attorneys for Defendant Spreckels