Carrie M. Francis (309280)
CFrancis@taftlaw.com
**TAFT STETTINIUS & HOLLISTER LLP**
2555 East Camelback Road
Suite 1050
Phoenix, Arizona 85016
Telephone:  (602) 240-3000
Facsimile:   (602) 240-6600
Attorneys for Defendant Spreckels

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD SAMUEL CASTRO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRECKELS SUGAR COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 24-cv-000747-TWR-LR<br><br>**REPLY IN SUPPORT OF SUMMARY JUDGMENT**<br><br>Date:             September 4, 2025<br>Time:             1:30 P.M.<br>Courtroom:   14A<br>Judge:            Hon. Todd W. Robinson<br><br>Action filed:   March 13, 2024<br>Removed:       April 25, 2024<br>Trial Date:      Not set |

**TABLE OF CONTENTS**

Page

I.   PLAINTIFF CONCEDES HIS CAUSES FOR MEAL AND REST PERIODS ARE MERITLESS. ................................................................................. 1

II.  PLAINTIFF HAS FAILED TO SHOW A TRIABLE ISSUE EXISTS ON HIS REIMBURSEMENT CAUSE OF ACTION. ................................................. 2

III. NO TRIABLE ISSUE EXISTS ON PLAINTIFF'S CAUSES FOR NON-PAYMENT OF WAGES. ........................................................................................ 4

IV.  SPRECKELS IS ENTITLED TO SUMMARY JUDGMENT ON ALL OF PLAINTIFF'S OTHER CAUSES AND THEORIES. ............................................. 8

V.   CONCLUSION. ............................................................................................... 8

TAFT STETTINIUS &
HOLLISTER LLP
ATTORNEYS AT LAW
MINNEAPOLIS

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Frlekin v. Apple Inc.*,
    8 Cal. 5th 1038 (2020) ................................................................................. 6, 7

*Gattuso v. Harte-Hanks Shoppers, Inc.*,
    42 Cal. 4th 554 (2007) ..................................................................................... 3

*Griffin v. Sachs Elec. Co.*,
    831 Fed Appx. 270 (9th Cir. Dec. 11, 2020) ......................................... 5, 7, 8

*Herrera v. Zumiez, Inc.*,
    953 F.3d 1063 (9th Cir. 2020) ..................................................................... 3, 4

*Morillion v. Royal Packing Co.*,
    22 Cal. 4th 575 (2000) ................................................................................ 6, 7, 8

*Overton v. Walt Disney Co.*,
    136 Cal. App. 4th 263 (2006) ...................................................................... 5, 7, 8

*Sousa v. Unilab Corp. Class II (Non-Exempt) Members Gp. Benefit Plan*,
    252 F. Supp. 2d 1046 (E.D. Cal. 2002) .......................................................... 5

*Un. Sch. Dis. v. Smith*,
    15 F.3d 1519 (9th Cir. 1994) ........................................................................... 5

*Utne v. Home Depot U.S.A., Inc.*,
    Case No. 16-cv-01854-RS, 2019 WL 3037514 (N.D. Cal. July 11, 2019) ........... 6, 7, 8

*Wilson v. The La Jolla Gp.*,
    61 Cal. App. 5th 897 (2021) ............................................................................ 3

**Statutes**

28 U.S.C. § 1927 ...................................................................................................... 2

Cal. Labor Code § 2802 .......................................................................................... 4

TAFT STETTINIUS & HOLLISTER LLP
ATTORNEYS AT LAW
MINNEAPOLIS

Defendant Spreckels Sugar Company, Inc. ("Spreckels") respectfully requests the Court grant its Summary Judgment Motion (Doc. 38). Plaintiff's Opposition (Doc. 41) provides no meritorious basis for the Court not to do so, and instead attempts to misrepresent the facts and law and, through conclusory and underdeveloped argument, convince the Court to misapply the law to the facts.

## I. PLAINTIFF CONCEDES HIS CAUSES FOR MEAL AND REST PERIODS ARE MERITLESS.

Spreckels' Motion sought summary judgment on Plaintiff's meal and rest period causes of action (and Plaintiff's unasserted cause of action for miscalculated premium and sick pay), and any derivative cause of action to the extent premised on Plaintiff's alleged meal and rest violations. *See* Motion at 4:15-5:19, 11:16-12:14; *see also id.* at 3:18-4:14. Plaintiff's Opposition not only fails to address those arguments, Plaintiff actually states that his meal and rest period claims are barred by the Labor Management Relations Act ("LMRA"). *See* Opposition at 1:27-2:9 ("The only causes of action that are not effectively barred by the LMRA pre-emption are the . . . claims related to wage payments," not including Plaintiff's third and fourth causes of action for alleged meal and rest period violations).

Thus, Spreckels is entitled to summary judgment on Plaintiff's meal and rest period causes of action, and Plaintiff's other causes of action to the extent they were premised on alleged meal or rest period violations. Moreover, Plaintiff provides no explanation why he brought his admittedly preempted claims, despite knowing they were preempted (and knowing he had no evidence to support his claims even if they weren't preempted). Spreckels respectfully requests the Court award it its attorneys' fees against Plaintiff and/or his counsel for knowingly bringing Plaintiff's frivolous meal and rest period claims. *See* 28 U.S.C. § 1927.

## II. PLAINTIFF HAS FAILED TO SHOW A TRIABLE ISSUE EXISTS ON HIS REIMBURSEMENT CAUSE OF ACTION.

Plaintiff attempts to escape summary judgment on his reimbursement cause of action by misrepresenting his testimony. Contrary to Plaintiff's Opposition, Plaintiff clarified his testimony about the timing of the purported purchases he made:

> Q. In 2023, did you have to buy any equipment to perform you job duties?
>
> A. Oh, not in 2023.

SOF, Ex. A. at 51:7-9; *see also id.* at 49:13-51:15. Put simply, Plaintiff made clear that he did not purchase any equipment for his work at Spreckels in 2023. Additionally, Plaintiff has not produced any evidence that any other employee purchased items for work and was not reimbursed – at any time. Consequently, Plaintiff's PAGA claim, to the extent premised on Spreckels' purported failure to reimburse expenses, must fail. *See* Motion at 3:11-17, 6:2-4.

Regarding the expenses that Plaintiff purportedly purchased in 2022, Plaintiff makes no effort to respond to Spreckels' arguments and therefore his cause of action for purportedly unreimbursed expenses must fail entirely. For example, Plaintiff makes no argument that Spreckels knew Plaintiff had made his purported purchases, and thus has failed to show that he ever triggered Spreckels' obligation to reimburse him for any of those purported purchases. *See Wilson v. The La Jolla Gp.*, 61 Cal. App. 5th 897, 919 (2021) ("[B]efore an employer's duty to reimburse is triggered, it must either know or have reason to know that the employee has incurred an expense." (quoting *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 904 (N.D. Cal. 2009)); *see also* Motion at 6:5-13; Opposition at 18:9-19:12. And, like Plaintiff's attempt to misrepresent his testimony regarding 2023, Plaintiff's Opposition omits his testimony making clear he never reported or sought reimbursement for any expense. *See* SOF, Ex. A at 50:6-18. Consequently, Plaintiff's cause of action must

1  fail because he has failed to even attempt to show that Spreckels knew Plaintiff had
2  incurred the expenses he says he incurred.

3        Separately, Plaintiff has provided no evidence of the amount of the expenses or
4  argument that those amounts were reasonable. Contrary to Plaintiff's misrepresentations of
5  the law (made without citation), *see* Opposition at 18 n.8, there is a reasonableness
6  requirement to his claim and he is not entitled to reimbursement merely because he
7  incurred an expense in the course and scope of his duties. *See Gattuso v. Harte-Hanks*
8  *Shoppers, Inc.*, 42 Cal. 4th 554, 568 (2007) ("[T]he employer may consider not only the
9  actual expenses that the employee incurred, but also whether each of those expenses was
10 'necessary,' which in turn depends on the reasonableness of the employee's choices;"
11 stating that the amount an employee spends affects "whether the expenses incurred were
12 reasonable and therefore necessary." (quoting *Grissom v. Vons Companies, Inc.*, 1 Cal.
13 App. 4th 52, 58 (1991); *see also Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1077 (9th Cir.
14 2020) ("Ascertaining whether an expense is 'necessary' 'depends on the reasonableness of
15 the employee's choices." (*Gattuso*, 42 Cal. 4th 554, 169 P.3d 889, 897) . Importantly, that
16 case law makes clear that Plaintiff's failure to provide evidence of the amounts of his
17 expenses is not a damages issue, but is instead impacts liability. Consequently, because
18 Plaintiff has provided no proof of the amounts of his purported expenses, he has failed to
19 produce evidence those expenses were reasonable in amount "and therefore necessary,"
20 and Plaintiff's cause of action for reimbursement must fail.

21       Finally, and consistent with Plaintiff's misrepresentation that no reasonableness
22 requirement exists, Plaintiff makes no meaningful argument that his expenses were
23 necessary for his work in 2022 (which began in March) but he waited until after July 8,
24 2022 (the first day not covered by Spreckels' prior settlement). *See* Motion at 6:14-7:4.
25 Plaintiff's asserts the expenses were necessary through conclusory statements, *e.g.* he
26 worked in unlit areas, steel-toed boots were required, and the gloves Spreckels provided
27 were inadequate. *See* Opposition at 19:3-12. But such conclusory statements are
28

TAFT STETTINIUS &
HOLLISTER LLP
ATTORNEYS AT LAW
PHOENIX

- 3 -

insufficient as a matter of law to support a showing of necessity. *See Herrera*, 953 F.3d at 1078 (reversing district court's denial of judgment on pleadings on claim under Cal. Labor Code § 2802 because plaintiff's conclusory facts were insufficient to support a claim). This is particularly true because, as Plaintiff admits, Spreckels does provide personal protective equipment ("PPE"), SOF, Ex. A at 49:20-50:2, and Spreckels provides that PPE based on the individual employee's job duties and provides replacement PPE. SOF, Ex. B at 40:17-41:9.

### III. NO TRIABLE ISSUE EXISTS ON PLAINTIFF'S CAUSES FOR NON-PAYMENT OF WAGES.

Plaintiff's arguments in support of his waiting-in-line theory and remaining primary causes of action (his first and second causes) are similarly unavailing. Plaintiff's overall argument seems to be that there is a question of fact whether Plaintiff was under Spreckels' control and therefore working when he purportedly had to wait in line to clock in. *See* Opposition at 8:10-16:5. Plaintiff's argument primarily relies on the general policy that California's Labor Code should be interpreted in favor of employees, and that Spreckels required Plaintiff to clock in a specific location.

As an initial point, for the purposes of this Motion only, Spreckels does not contest Plaintiff's factual assertion that he occasionally had to wait in line to clock in.[1] Thus, there is no factual dispute for the purposes of this Motion, the Court need only decide Plaintiff's theory is not supported by California law, and this case is "suitable for disposition on summary judgment." *See Sousa v. Unilab Corp. Class II (Non-Exempt) Members Gp. Benefit Plan*, 252 F. Supp. 2d 1046, 1049 (E.D. Cal. 2002) (citing, *inter alia*, *Un. Sch. Dis. v. Smith*, 15 F.3d 1519, 1523 (9th Cir. 1994).

---

[1] Spreckels reserves and does not waive its right to contest whether Plaintiff or anyone else he purports to represent actually had to wait in line and whether, under the particular facts for each such instance, Plaintiff or anyone he purports to represent was subject to Spreckels' control to the degree that the time waiting (if any) is compensable time.

Spreckels does not dispute the general policy Plaintiff discusses at-length in his Opposition. However, that policy existed at the same time as the numerous decisions discussed in Spreckels' Motion which all hold that the mere act of commuting is not compensable time. *See* Motion at 7:10-11:15. Thus, this Court is not writing on a blank slate, and that general policy cannot overcome the binding case law showing its application does not support Plaintiff's waiting-in-line theory.

Plaintiff generally does not address Spreckels' case law and instead says, without any meaningful analysis, that Spreckels requiring Plaintiff to clock in at a specific location somehow means Plaintiff's commuting time is compensable. *See* Opposition at 14. That is because there is no meaningful distinction in the amount of control exercised over Plaintiff, via Spreckels requiring him to clock in at a specific location (and having to wait in line to clock in) and the case law cited by Spreckels in its motion. *See Griffin v. Sachs Elec. Co.*, 831 Fed Appx. 270, 271- (9th Cir. Dec. 11, 2020) (mem. Decision) (affirming summary judgment for employer and determination that waiting in line before clocking in to pass through a required security check is not compensable time); *Overton v. Walt Disney Co.*, 136 Cal. App. 4th 263, 272-73 (2006) (affirming summary judgment for employer on claim that time spent traveling from assigned parking space to designated place to clock in was not compensable time) *Utne v. Home Depot U.S.A., Inc.*, Case No. 16-cv-01854-RS, 2019 WL 3037514, at *4 (N.D. Cal. July 11, 2019) (time spent traveling across employer's property to designated place to clock in was not compensable time); *see also* Motion at 8:1-11:14.

Accepting Plaintiff's theory that an assigned place to clock in somehow converts time commuting (which is not compensable) into compensable time, would destroy the "control" requirement entirely. Consider an employer with a single location for employees to clock in: All employees are necessarily assigned to clock in there. Does that mean they are entitled to compensation for their commute? Of course not, because "the mere fact that an employer requires the employee's activity" is not sufficient to trigger the control clause,

- 5 -

TAFT STETTINIUS & HOLLISTER LLP
ATTORNEYS AT LAW
PHOENIX

and that's why commuting is not compensable time. *See Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 586-87 (2000). But, under Plaintiff's theory, the employer would have to compensate its employees because, by only having one place to clock in, the employer has assigned the employee to clock in a specific location and therefore is exerting control sufficient to turn that time commuting into compensable time. Clearly, Plaintiff's theory is inconsistent with California law and would destroy the distinction in *Morillion* between an employer merely requiring an employee's activity and the employer controlling the employee's activity.

Plaintiff's attempts to analogize this case to *Frlekin v. Apple Inc.*, 8 Cal. 5th 1038 (2020) are equally unavailing. *Frlekin* involved an employer that, after the end of an employee's shift, did not allow its employee to leave the employer's premises before the employer searched the employee's bag and did not compensate the employee for the time the employee was not permitted to leave the employer's premises. *See id.* at 1043-44. Plaintiff, on the other hand, is complaining about standing in line before clocking in, caused by occasional technical issues with the machines. *See* Opposition at 14. There is simply no factual analog between the two cases.

Notably, *Frlekin* actually distinguished *Morillion*'s statements about ordinary commuting on those bases. *Frlekin* expressly notes:

> As a preliminary matter, there are inherent difference between cases involving time spent traveling to and from work, and time spent *at* work. Commuting is an activity that employees ordinarily initiate on their own, prior to and after their regular workday, and is not generally compensable. [citation omitted]. Moreover, in the commute context, an employer's interest generally is limit to the employee's timely arrival. . . . Thus, unless the employer *compels* the employee to use a certain kind of transportation or employer-provided transportation, it would be, without more, unreasonable to require the employer to pay for travel time.
>
> In the present case, by contrast, Apple controls its employees *at the workplace*, where the employer's interest – here, deterring theft – is inherently greater. Moreover, the level of Apple's control over its employees – the "determinative" factor in analyzing whether time is compensable under

> the control standard ([citation omitted]) – is higher during an onsite search of an employee's bags, packages, and personal Apple devices.

*See Frlekin*, 8 Cal. 5th at 1050-51 (citing *Morillion*, 22 Cal. 4th at 587). Bizarrely, Plaintiff notes *Frlekin* made those distinctions, but then asserts without any explanation that Spreckels has a heightened business interest in its employees clocking in – despite *Frlekin*'s reasoning – because, apparently, "Plaintiff had no option to avoid Defendant's timeclocks, and, for some time periods, Plaintiff . . . was assigned to [a] specific timeclock by Defendant." *See* Opposition at 15:13-16:5. But, again, that's the same control, exercised for the same interest, that *Morillion* and *Frlekin* recognized as the insufficient to trigger the control clause and turn commuting into compensable time. Plaintiff has no basis for asserting this case is somehow not controlled by *Morillion*, *Overton*, *Utne*, and *Griffin*.

As a final point, Plaintiff limits his evidence of control to Spreckels requiring him to clock in (at a specific location). But Plaintiff is compensated for the time spent actually scanning his iris and clocking in – that's when Spreckels' system begins recording time. *See* SOF, Ex. E at ¶¶ 9-10. Thus, he was compensated for the time spent performing the required act, and the focus is on the time purportedly waiting in line. Plaintiff provides no evidence that Spreckels exercised any control over him at that time – he does not even allege that Spreckels required him to stand in line. In other words, Plaintiff chose to wait in line and had freedom to carry out his own tasks while in line: He could have got out of line to go to bathroom; he could have ate breakfast; he could have made a call to family; he could have asked a friend to save his place in line so he could take a walk; etc. In fact, Plaintiff could have cut the line (like a commuting driver 'cutting off' other drivers to skip a line of cars waiting to turn into the drivers' workplace), because Spreckels did not require Plaintiff to wait in line. Rather, Spreckels merely required Plaintiff to clock in on time. Moreover, Plaintiff makes no argument that he did not have the full ability to control when he left to arrive at work and how he would travel to work (including whether he would engage in personal tasks on the way to work); Plaintiff leaving early to account for a

purported line to clock in is no different than an employee leaving early because of traffic. And all that, again, shows this case is squarely within California's existing case law on commuting. *See generally* Motion at 8:1-11:15; *see also Morillion*, 22 Cal. 4th at 586-87; *Overton*, 136 Cal. App. at 271-73; *Griffin*, 831 Fed. Appx. at 271-72; *Utne*, 2019 WL 3037514 at *4.

### IV. SPRECKELS IS ENTITLED TO SUMMARY JUDGMENT ON ALL OF PLAINTIFF'S OTHER CAUSES AND THEORIES.

Because Plaintiff's primary causes of action, *see* Motion at 3:18-4:-14, fail as a matter of law for the reasons discussed above and in Spreckels' Motion, Plaintiff's derivative causes of action must also fail. *See* Motion at 11:16-12:14; *see also id.* at 3:18-4:14.

### V. CONCLUSION.

For the reasons stated above and in Spreckels' Motion, Spreckels respectfully requests the Court grant summary judgment on all of Plaintiff's causes of action.

**TAFT STETTINIUS & HOLLISTER LLP**

Dated this 31st of July, 2025

By: *[signature]*

Carrie M. Francis
Attorneys for Spreckels